IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN MARSHALL, : Civil No. 3:19-cv-683
:
    Petitioner : (Judge Mariani)
:
    v. :
:
WARDEN DOUGLAS K. WHITE, :
:
    Respondent :

## MEMORANDUM

Presently pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Norman Marshall ("Marshall"), an inmate confined at the Low Security Correctional Institution, Allenwood, in White Deer, Pennsylvania ("LSCI-Allenwood"). Marshall contends that his due process rights were violated in the context of a disciplinary hearing held at the United States Penitentiary in Pennington Gap, Virginia, Satellite Camp ("USP-Lee"). (*Id.*). For the reasons set forth below, the Court will deny the petition.

**I.    Background**

On December 5, 2017, Marshall was charged in incident report number 3063908, with possession of a hazardous tool – cell phone, a code 108 violation. (Doc. 1, pp. 2, 10-11). Marshall contends that he did not receive the incident report within twenty-four (24) hours of the incident and he did not receive the Discipline Hearing Officer's ("DHO") written

findings within twenty-one (21) days after the hearing. (*Id.* at pp. 8-9). For relief, Marshall requests that the Court expunge the incident report and vacate the sanctions imposed against him. (*Id.* at pp. 9, 16).

## II. Discussion

On December 5, 2017, an officer at USP-Lee conducted a random pat search of Marshall and found an LG smart cellular phone in the pocket of his shorts. (Doc. 5-2, p. 17, DHO Report). The incident report was initially suspended pending a referral to the FBI for criminal prosecution. (*Id.* at pp. 14, 17). On December 7, 2017, the matter was released by the FBI for administrative processing. (*Id.* at p. 17, § V, DHO Report). On December 7, 2017, incident report 3063908 was served on Marshall charging him with possession of a hazardous tool – cell phone. (*Id.* at p. 13, Incident Report). As part of the investigation, Marshall was advised of his rights, he indicated that he understood his rights, and stated that he had "no comment." (*Id.* at p. 15, §§ 23-24).

On December 11, 2017, Marshall appeared before the Unit Discipline Committee ("UDC") for a hearing. (*Id.* at p. 13, §§ 17-21). At the hearing, Marshall again stated that he understood his rights and had no comment. (*Id.* at p. 13, § 17). The UDC referred the incident report to the DHO with a recommendation that sanctions be imposed. (*Id.* at p. 13, §§ 18-20).

On December 11, 2017, a staff member informed Marshall of his rights at the DHO hearing and provided him with a copy of the "Inmate Rights at Discipline Hearing" form. (Doc. 5-2, p. 18, Inmate Rights at Discipline Hearing). Marshall was also provided with a "Notice of Discipline Hearing before the Discipline Hearing Officer (DHO)" form. (Doc. 5-2, p. 19, Notice of Discipline Hearing before the Discipline Hearing Officer (DHO)). Marshall signed the DHO form, did not request representation by a staff member, and did not elect to call witnesses on his behalf. (*Id.*).

On December 13, 2017, a DHO hearing was conducted. (Doc. 5-2, pp. 16-17). During the December 13, 2017 hearing, the DHO confirmed that Marshall received advanced written notice of the charges, that he had been advised of his rights before the DHO, and that Marshall waived his right to staff representation and did not request to call any witnesses. (*Id.* at p. 16, § III). Marshall again indicated that he understood his rights. (*Id.*). The DHO read the incident report and the following written statement of the reporting officer:

> On December 5, 2017, at 10:15 p.m., I (B. Hammersmith) conducted a search of inmate Marshall, Norman 41028-083 and found an LG smart cell phone in his front right pocket of his shorts he was wearing. Later, inmate Marshall stated, "the [phone] was not mine, I was just using it."

(*Id.* at p. 17, § V). The DHO asked Marshall if the report was true, and if he possessed a cell phone in his shorts pocket at the time of the incident, and Marshall replied, "Yes, sir." (*Id.*). In reaching his decision, the DHO considered Marshall's statement, the reporting

3

officer's incident report, a photograph of the contraband, and the chain of custody log. (*Id.* at pp. 16-17). After consideration of the evidence, the DHO found that Marshall committed the code 108 offense of possession of a hazardous tool – cell phone. (*Id.* at p. 17, §§ IV, V). The DHO sanctioned Marshall with 41 days loss of good conduct time, loss of visiting privileges for 365 days, and loss of email privileges for 180 days. (*Id.* at p. 17, § VI). At the conclusion of the hearing, the DHO provided a copy of the report to Marshall and advised him of his appeal rights. (*Id.* at p. 17, § VIII). On July 31, 2018, Marshall was reissued a written statement of the DHO's findings. (*Id.* at p. 17, § IX).

Marshall's sanctions included the loss of good conduct time, therefore he has identified a liberty interest in this matter. Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.*

In *Wolff*, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2)

4

twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and, (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985); *see also Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. *Hill*, 472 U.S. at 457.

The Bureau of Prisons' inmate disciplinary procedures are codified at 28 C.F.R. § 541, *et seq.*, and entitled: *Inmate Discipline and Special Housing Units*. These procedures are intended to meet or exceed the due process requirements prescribed by the Supreme Court. *See Von Kahl v. Brennan*, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994). Pursuant to these regulations, staff shall prepare an incident report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. § 541.5. The incident is then referred to the UDC for an initial hearing pursuant to § 541.7. The UDC "will

ordinarily review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays." 28 C.F.R. § 541.7(c). This period may be extended if the incident is being investigated for possible criminal prosecution. 28 C.F.R. § 541.4(c). If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. 28 C.F.R. § 541.7(f). If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing. 28 C.F.R. § 541.7(a), (g). The inmate will receive written notice of the charge(s) against him at least twenty-four hours before the DHO's hearing, however the inmate may waive this requirement. 28 C.F.R. § 541.8(c). The inmate is entitled to have a staff representative, appear at the hearing, make a statement, present documentary evidence, and present witnesses. 28 C.F.R. §§ 541.8(d), (e), (f). Following the hearing, the inmate will receive a written copy of the DHO's decision. 28 C.F.R. § 541.8(h).

In the matter *sub judice*, it is clear that Marshall was afforded all of the required procedural rights set forth in *Wolff*. He received advanced written notice of the charge and incident report on December 7, 2017, when the matter was released by the FBI for administrative processing. *See Barner v. Williamson*, 233 F. App'x 197, 199, n.5 (3d Cir. 2007) ("... [petitioner] has not shown that the regulation [i.e., 28 C.F.R. § 541.8(c)] specifying the time at which a person must be notified of the charge either itself creates a

liberty or property interest, or that its violation necessarily abridges the constitutional protections established in *Wolff*."). Marshall appeared before the UDC and was allowed to provide a statement on his own behalf. He was properly informed of his rights before the DHO hearing, as well as given the opportunity to make a statement, present documentary evidence, have a staff representative, and to present witnesses. At the conclusion of the hearing, Marshall received a written decision setting forth the evidence relied upon by the DHO and the rationale behind the decision. Marshall was also notified of his right to appeal.

Since Marshall was afforded all of his procedural rights, the only remaining issue is whether there was "some evidence" to support the decision by the DHO. The record clearly reveals the existence of evidence to allow the DHO to conclude that Marshall was guilty of the charge. The DHO determined that the greater weight of the evidence supported the finding that Marshall violated code 108. In reaching his decision, the DHO considered the reporting officer's incident report, a photograph of the contraband, the chain of custody log, and Marshall's admission to the charge. Based upon this evidence as relied upon by the DHO, the Court finds that Marshall's due process rights were not violated by the determination of the DHO.

Finally, the Court finds that all sanctions imposed by the DHO were within the limits of 28 C.F.R. § 541, *et seq*. Marshall was found guilty of a 100-level, greatest severity

prohibited act. Pursuant to 28 C.F.R. § 541.3, the following are the sanctions available for 100-level prohibited acts:

- A. Recommend parole date rescission or retardation.
- B. Forfeit and/or withhold earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended).
- B.1. Disallow ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
- C. Disciplinary segregation (up to 12 months).
- D. Make monetary restitution.
- E. Monetary fine.
- F. Loss of privileges (e.g., visiting, telephone, commissary, movies, recreation).
- G. Change housing (quarters).
- H. Remove from program and/or group activity.
- I. Loss of job.
- J. Impound inmate's personal property.
- K. Confiscate contraband.
- L. Restrict to quarters.
- M. Extra duty.

28 C.F.R. § 541.3 (Table 1).

Thus, the sanctions imposed by the DHO in this instance were consistent with the severity level of the prohibited act and within the maximum available to the DHO. Accordingly, the petition will be denied as to incident report number 3063908.

## III. Conclusion

Based on the foregoing, the Court will deny the petition for writ of habeas corpus. A separate Order shall issue.

                                                              */s/ Robert D. Mariani*
                                                              Robert D. Mariani
                                                             United States District Judge

Dated: December 23, 2020